UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x *DKT#:*
GERMAIN JOYNER and PEARL HOLLOWAY,

                        Plaintiff,                           **COMPLAINT**

       - against -                                 **JURY TRIAL DEMANDED**

                                                                  **ECF CASE**

AARON'S SALES & LEASE and
AARON'S, INC.

                        Defendants.
------------------------------------------------------------------x

        Plaintiffs, by their attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

        1. This is an action by Plaintiffs against their former employer, AARON'S SALES & LEASE and AARON'S, INC. (hereinafter "AARON'S"), for declaratory and injunctive relief and damages sustained by reason of a violation of the plaintiff's rights under Title VII of the Civil Rights Act of 1964 and 1991, 42 U.S.C. 2000e *et seq.* ("Title VII"), 42 USC § 1981 and the New York Administrative Code § 8-107 *et-seq.*, as a result of being subjected to discrimination and a hostile work environment on account of their race. Additionally, Plaintiff, Germain Joyner, has brought a claim for being retaliated against by the defendants for opposing discrimination in the workplace.

## JURISDICTION

        2. This action is brought against the Defendants pursuant to Title VII, 42 USC § 1981, and the New York City Administrative Code. Jurisdiction is predicated upon 28 U.S.C. §§ 1331, 1332, 1343 and 1367, 2201, and 2202.

        3. The Plaintiff has complied with the jurisdictional prerequisites under Title VII.

1

Plaintiff has filed this action within 90 days of the receipt of their "right to sue" notice from the Equal Employment Opportunity Commission.

4. On September 18, 2015, the U.S. Equal Employment Opportunity Commission ("EEOC") issued to the Plaintiff a Notice of Right to Sue as against the Defendants, which was received by Plaintiffs counsel on or about September 18, 2015. Accordingly, the Plaintiff has satisfied the procedural requirements for asserting her Title VII claims as against the Defendants.

## VENUE

5. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiffs, are citizens of the United States.

8. Plaintiff, GERMAIN JOYNER, is a resident of the State of Pennsylvania.

9. Plaintiff, PEARL HOLLOWAY, is a resident of the State of New York, County of Kings.

10. Defendant, AARON'S, is incorporated in the State of Georgia.

11. Defendant, AARON'S, is authorized to conduct business in the State of New York.

## FACTUAL ALLEGATIONS

- **Facts Specifically Related to GERMAIN JOYNER**
  *Paragraphs 12 through 32 specifically relate to Plaintiff, Germain Joyner. Any reference to "Plaintiff" in these paragraphs is a reference to Germain Joyner.*

12. The Plaintiff, GERMAIN JOYNER, worked for AARON'S starting in June of 2014.

13. The Plaintiff worked for AARON'S at the Brooklyn store location located at 634 Gates Avenue, Brooklyn, NY, 11221.

14. AARON'S was in the business of leasing personal property to customers.

15. The Plaintiff expected to be trained for a managerial position at another Aaron's store location.

16. The discrimination complained of herein has been severe and pervasive.

17. At all times hereinafter referenced, the store manager of AARON's was Enrique Zorilla, also known as "Ricky" (hereinafter "Enrique").

18. Enrique is Dominican.

19. At all times hereinafter reerenced, the regional manager of AARON's was Anthony Martinez, also known as "Tino" (hereinafter "Tino")

20. Tino is Dominican.

21. The Plaintiff, Germain Joyner, is African American.

22. The store manager, Enrique, was very abrupt with black customers and was unwilling on many occasions to make them customers of the store, or to give black customers an account. However, he was much more willing to make Hispanic customers a customer of the store, or to extend Hispanic customers an account.

23. The Plaintiff confronted Enrique about this and said to Enrique, in sum and substance, "in order to grow your business, you have to give everyone a shot, not just Hispanics". The Plaintiff also told Enrique, "You are very abrupt with African Americans". Enrique responded and said, "these crack-heads never pay and I always have to chase them for my money!" This conversation occurred during the Plaintiff's first week working at the store.

24. On another occasion, the Plaintiff overheard the manager, Enrique, talking to Ashley, the sales manager. He heard him say, "if that nigger Germain is going to have to slave before he gets a store". Germain Joyner confronted Enrique and asked him to "repeat that". Enrique said, "Oh, Tino (the regional manager) was saying that you are going to work hard before you get a store." The Plaintiff then turned to Ashley, who was still standing nearby, and asked, "what did he say?" Ashley said, "you heard him, right?" Although the Plaintiff did hear what was said, he said "no I didn't, what did he say". Ashley responded and said, "Enrique called you a nigger".

25. Enrique refers to all the black workers as "nigger" even if he is just telling a story. He uses the word "nigger" regularly to describe black individuals.

26. On another occasion, the Plaintiff left work. He left work on time and as he believed he was permitted to do. However, Tino, the regional manager, called him and began yelling at him to go back to work. At or about the same time, Ashley and Angie also left work and were, similarly, yelled at by Tino. However, Ashley and Angie went home and did not return to work.

27. Thereafter, the Plaintiff was assigned extremely long hours. This appeared to be in retaliation to the Plaintiff having left work earlier than Tino would have liked. The Plaintiff's work schedule was changed to 7:30 a.m. until 10:00 p.m. He was the only employee assigned

such an extremely long schedule. Moreover, Ashley and Angie, who are both not black, were not assigned such a long schedule either, despite having also left work the same day.

28. Germain Joyner complained to Enrique about the exorbitant work hours and Enrique said, "I told you, you're going to be slaving before you get a store". Once again, this was a discriminatory comment. In conjunction with the statements noted above, based on the direct and circumstantial evidence, this was intended to be a racial comment.

29. There was another occasion when Germain Joyner asked what happened to Pearl, who was a black co-worker who was working at the location when the Plaintiff started working, but who was no longer working for Aaron's. Enrique said that she "walked out". Enrique also said, "fuck that bitch". Enrique also said, "that's why we don't hire those type of people because they are lazy". Germain Joyner also brought up the accounts manager, Willie, who also quit and was not working for Aaron's any longer. Enrique responded, "see, look at Pearl and Willie. This is why it doesn't work out with Blacks".

30. After Pearl and Willie left the store, the Plaintiff was the only remaining Black employee at the store.

31. On or about July 22, 2014, Germain Joyner complained of the severe and pervasive discrimination to the Ethics Hotline. However, he never received a response.

32. In or about the first week of August of 2014, Plaintiff requested a transfer to a location closer to his home in Pennsylvania. A Human Resources representative informed the Plaintiff that the company would transfer him to Pennsylvania. Plaintiff was notified by a Human Resources representative that an interview was going to be scheduled for him. While he was waiting for the interview he was terminated. The company claimed he abandoned his job. The Plaintiff did not abandon his job.

- **Facts Specifically Related to PEARL HOLLOWAY**
  *Paragraphs 33 through 41 specifically relate to Plaintiff, Pearl Holloway. Any reference to "Plaintiff" in these paragraphs is a reference to Pearl Holloway.*

33. The Plaintiff, PEARL HOLLOWAY, worked for AARON'S from September 2, 2013 to July 10, 2014.

34. The Plaintiff worked for AARON'S at the Brooklyn store location located at 634 Gates Avenue, Brooklyn, NY, 11221.

35. The Plaintiff is African American

36. The Plaintiff was subjected to numerous acts of discrimination.

37. In or about May of 2014 the Plaintiff was asked to hand out fliers outside. The Plaintiff asked her supervisor, Enrique, if she could come back inside the store because she did not feel comfortable handing out fliers outside. Notably, the place of employment is located within a neighborhood that has a predominantly black population. In response to Plaintiff's request, Enrique responded, "come on, you're from the hood, you're used to it." The Plaintiff stated that she was not "from the hood" and Enrique laughed.

38. In or about June of 2014, the Plaintiff overheard Enrique talking on the phone. Enrique stated, in sum and substance, "the wonder why so many Spanish people work at Aaron's. It's because Black people don't like to work."

39. In or about the first week of July of 2014, the regional manager, Tino, came to visit the store. The district manager walked through the store with the Plaintiff. The Plaintiff explained to the district manager that she knew how to perform all the job tasks and the district manager responded, in sum and substance, "see, you know what to do, it's just that you people get lazy sometimes."

6

40. In or about the first week of July of 2014, the sales manager, Ashley Leasiolagi, was on vacation. As a result, the Plaintiff was not given any time off to tend to her personal appointments. The Plaintiff went to work in the morning of July 9, 2014, which was after Ashley returned to work. On July 9, 2014, the Plaintiff was given time off to tend to her appointments by Germaine Joyner, who was the manager in training. The following morning, July 10, 2014, Enrique told the Plaintiff, in sum and substance, "I told you, you cannot take another day off, don't you know I can fire you right now for this". The Plaintiff was then blamed for not performing all of Ashley's job tasks while Ashley was away. Enrique was irate, was yelling and screaming in an unprofessional manner, and told the Plaintiff to "go home" and "find another job". Pearl Holloway was terminated from her employment.

41. As noted above in Paragraph 29, after Pearl Holloway was terminated, Germain Joyner asked Enrique what happened to Pearl. Enrique said that she "walked out". Enrique also said, "fuck that bitch". Enrique also said, "that's why we don't hire those type of people because they are lazy". Germain Joyner also brought up the accounts manager, Willie, who also quit. And Enrique responded, "see, look at Pearl and Willie. This is why it doesn't work out with Blacks".

## FEDERAL CAUSES OF ACTION

### FIRST CAUSE OF ACTION
*Racial Discrimination under Title VII*

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendant's, acts, practices, and policies described herein constitute intentional discrimination against Germain Joyner and Pearl Holloway on the basis of their race, in violation of 42 U.S.C. § 2000e *et seq.*

## SECOND CAUSE OF ACTION
*Hostile Work Environment under Title VII*

44. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "43" with the same force and effect as if fully set forth herein.

45. Defendant's acts, practices, and policies described herein subjected Germain Joyner and Pearl Holloway to a continuous pattern of abuse and discrimination and created a hostile and offensive work environment, in violation of 42 U.S.C. § 2000e *et seq.*

## THIRD CAUSE OF ACTION
*Retaliation under Title VII*

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendant's acts, practices, and policies described herein constitute retaliation against Plaintiff, Germain Joyner, for his complaints of race discrimination, in violation of 42 U.S.C. § 2000e *et seq.*

## FOURTH CAUSE OF ACTION
*Racial Discrimination in Violation of 42 U.S.C. § 1981*

48. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "47" with the same force and effect as if fully set forth herein.

49. Defendant's acts, practices, and policies described herein constitute intentional discrimination against Germain Joyner and Pearl Holloway on the basis of their race, in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1981.

## FIFTH CAUSE OF ACTION
*Hostile Work Environment in Violation of 42 U.S.C. § 1981*

50. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. Defendant's acts, practices, and policies described herein subjected Germain Joyner and Pearl Holloway to a continuous pattern of abuse and discrimination and created a hostile and offensive work environment, in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1981.

## SIXTH CAUSE OF ACTION
### *Retaliation in Violation of 42 U.S.C. § 1981 as against*

52. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" with the same force and effect as if fully set forth herein.

53. Defendant's acts, practices, and policies described herein constitute retaliation against Germain Joyner, in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1981.

## PENDANT CITY LAW CLAIMS

## FIRST CLAIM FOR RELIEF UNDER NEW YORK CITY LAW
### *Racial Discrimination in Violation of New York City Administrative Code*

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendant's acts, practices, and policies described herein constitute intentional discrimination against Germain Joyner and Pearl Holloway on the basis of their race and color, thereby denying them equal employment opportunities in violation of § 8-107(1) of the Administrative Code of the City of New York.

## SECOND CLAIM FOR RELIEF UNDER NEW YORK CITY LAW
### *Hostile Work Environment in Violation of New York City Administrative Code*

56. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "55" with the same force and effect as if fully set forth herein.

57. Defendant's acts, practices, and policies described herein subjected Germain Joyner

and Pearl Holloway to a continuous pattern of abuse and discrimination and created a hostile and offensive work environment, thereby denying them equal employment opportunities in violation of § 8-107(1) of the Administrative Code of the City of New York.

### THIRD CLAIM FOR RELIEF UNDER NEW YORK CITY LAW
*Retaliation in Violation of New York City Administrative Code*

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "57" with the same force and effect as if fully set forth herein.

59. Defendant's acts, practices, and policies described herein constitute retaliation against Germain Joyner for his opposition to discrimination, in violation of § 8-107(7) of the Administrative Code of the City of New York.

### INJURY AND DAMAGES

60. As a result of the acts and conduct complained of herein, Germain Joyner and Pearl Holloway have each suffered and will continue to suffer economic damages, the loss of salary, benefits, and other compensation which such employment entails, future pecuniary losses, back pay, front pay, emotional pain, suffering, inconvenience, injury to reputation, loss of enjoyment of life, emotional distress, mental anguish, mental injury, together with embarrassment, humiliation, shock, and other damages.

## DAMAGES AND RELIEF REQUESTED

**WHEREFORE**, plaintiffs respectfully request that this Court:

1. Declare, adjudge and decree that the defendant is responsible for the actions of its employees under each and every cause of action set forth in this complaint.

2. Order defendants to reinstate Plaintiff to his previous employment status, with full seniority and all other benefits.

3. Enjoin defendant from engaging in further discriminatory or retaliatory actions against plaintiff.

4. Award plaintiff compensatory and punitive damages in an amount to be determined at trial.

5. Award plaintiffs all costs and reasonable attorney's fees incurred in connection with this action.

6. Award such other and further relief as this Court may deem just and proper.

Dated: New York, NY
September 19, 2015

By: _____
BRYAN KONOSKI (BK2325)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007

11